4

Stephen M. Reynolds CSB148902
**Reynolds Law Corporation**
424 Second Street, Ste. A
Davis, CA 95616
530 297 5030 telephone
530 297 5077 facsimile
sreynolds@lr-law.net email

Attorneys for Debtor and
Debtor-in-Possession
Response 1 Medical Staffing, Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In Re:

Response 1 Medical Staffing, Inc.

Debtor

Case No. 15-22618-B-11

DCN: RLC-1
Date: April 2, 2015
Dept: E
Time: 3:00 p.m.
Ctrm: 33
6th Floor, U.S. Courthouse
501 I Street, Sacramento
Judge: Sargis

## DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Debtor and Debtor in Possession Response 1 Medical Staffing, Inc. ("Debtor") hereby requests authority to use cash collateral and respectfully represents as follows:

1. On March 31, 2015 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Since the Petition Date, Debtor has continued in possession of its assets and has continued to manage its financial affairs as a debtor in possession.

2. Debtor is engaged in the business of providing nurses to various hospitals and health care providers ("Hospital") for a limited term appointment. Terms of 13 weeks are typical and Debtor often provides travel and housing accommodations for the visiting nurses. Typically a nurse is recruited from another part of the

1

United States and travels to the Hospital, housing is arranged nearby. Debtor's business office located at 1101 Investment Boulevard, Suite 140, El Dorado Hills, California. Debtor typically obtains payment hospitals and health care providers. Payment is provided after services are provided. Debtor pays the visiting nurse weekly on an hourly basis after the nurse provides services to the Hospital. Debtor bills the Hospital for the hours worked and is typically paid fifteen to thirty days later.

3. The following creditors (collectively the "Secured Creditors") of the Debtor may assert a security interest in certain personal property of the Debtor:

| Party | Type |
|---|---|
| a. Westamerica Bank | UCC-1 |
| b. Internal Revenue Service | Tax Lien |

Secured Creditors' respective security interests may extend to accounts receivable, equipment, cash on hand and general intangibles.

4. It is vital and necessary for the continued operation of Debtor' business to use cash on hand, accounts receivable, equipment and general intangibles on an ongoing basis. Accounts receivable received by the Debtor post-petition, as well as money currently held by the Debtor, may be considered "cash collateral" as defined in section 363 of the Bankruptcy Code.

5. It is imperative that the Debtor be allowed the use of this cash collateral so that it may pay wages, provide travel and housing accommodations to visiting nurses, and basic overhead expenses incurred post-petition for the running of its business. This will permit the Debtor to rehabilitate and reorganize its financial affairs and its business pursuant to Chapter 11 of the Bankruptcy Code.

6. The use of cash collateral by the Debtor to pay wages, travel and housing accommodations and general overhead will permit the Debtor to continue to perform on existing work and generate new work, which will in turn generate post-petition accounts receivable that would not be otherwise be available to the

Debtor's estate. Debtor anticipates that by using the cash collateral it will generate post-petition accounts receivable and/or accumulated cash sufficient to provide adequate protection to the Secured Creditors for the Debtor's use of the cash collateral. See Declaration of Tyler Covey, Chief Financial Officer, submitted herewith.

7. Through this motion, Debtor offers a portion of the accounts receivable, equipment and accumulated cash it will generate post-petition as replacement collateral to the Secured Creditors, to the extent that Secured Creditors' collateral is diminished from the Debtor's use of cash collateral. The replacement liens on post-petition accounts receivable, equipment and cash shall be of the same scope, in the same priority, and subject to the same infirmities and defenses as existed pre-petition. These post-petition liens will adequately protect the Secured Creditors' respective interests in the cash collateral used by the Debtor. Debtor anticipates filing another motion to approve financing with a new post-petition lender.

8. As noted above, the Debtor generates new accounts receivable and receives payments on an ongoing basis. If the Debtor were unable to use cash collateral it would be unable to continue to pay existing visiting nurses or recruit new nurses. Business operations and the collection of existing accounts receivable as well as generation of new accounts receivables and cash require ongoing operations.

9. Debtor requests the Court allow the use of cash collateral with the provision that it be required to maintain accounts receivable and cash (the "Collateral Base") as same existed on the Petition Date, within a fifteen percent (15%) variance.[1] See Table attached to Declaration of Tyler Covey. Debtor projects that the percentage of loan to collateral will be at thirty two percent by September 2015.

**WHEREFORE**, Debtor requests that the court enter an order authorizing the

---

[1] Debtor proposes a $45,000 payment to Westamerica Bank in the first month after filing.

3

Debtor to use cash collateral pursuant to the terms set forth herein, and for such other and further relief as the court deems proper.

Dated: March 31, 2015        Respectfully submitted,

By: /s/ Stephen M. Reynolds
Stephen M. Reynolds
Attorneys for Response 1 Medical Staffing, Inc.